United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 18-20709-CR- |
| | ) Scola |
| Joel Huffman, | ) |
| Defendant. | ) |

### Order Denying Motion to Recuse

This matter is before the Court on Defendant Joel Huffman's Motion for Recusal Pursuant to 28 U.S.C. § 455 and Transfer of Case (Mot., ECF No. 112). The Government has responded (ECF No. 114), and the time for Huffman to reply has passed. For the reasons that follow, the Court **denies** Huffman's motion (**ECF No. 112**).

In August 2018, Mr. Huffman was indicted on one count of mailing threatening communications to a United States Judge in the Southern District of Florida, in violation of 18 U.S.C. § 876(c). (Indictment, ECF No. 1.) On February 28, 2019, after pleading guilty, Mr. Huffman was sentenced to forty-one months of imprisonment, with three years of supervised release. (Judgment, ECF No. 30.) On October 21, 2024, a second superseding petition was filed charging Mr. Huffman with violating his supervised release by threatening other judges in the Southern District of Florida. (Second Superseding Petition, ECF No. 91.)

Now, Mr. Huffman seeks this Court's recusal under 28 U.S.C. § 455. Mr. Huffman writes that because the undersigned judge "is a member of the judicial brethren of [the Southern District of Florida] along with the judges allegedly threatened, so as to avoid the appearance of impropriety, the Defendant respectfully requests the recusal of this Court." (Mot., at 4.) He also requests transfer to Chief Judge Cecilia M. Altonaga "for consideration of recusal of all judges of the Southern District of Florida, so that the Chief Judge of the 11th Circuit Court of Appeals may designate a judge form [sic] a different federal district to preside over this case." (*Id.*)

Mr. Huffman's motion is denied. Under 28 U.S.C. § 455(a), a judge must be disqualified "in any proceeding in which his impartiality might reasonably be questioned." However, Mr. Huffman's request is untimely. Mr. Huffman's reasoning for recusal was present at the very least months ago—when the second superseding petition was filed—or years ago, when the initial indictment was filed. Mr. Huffman should have brought his motion much

earlier. A motion for recusal can be waived by a party. *See United States v. Patti*, F.3d 1317, 1322 (11th Cir. 2003). And when a party was aware for "many months" about the alleged basis for recusal but waited several months to bring the motion, the motion may be deemed waived. *See Faulkner v. Nat'l Geographic Society*, 296 F. Supp. 2d 488, 490 (S.D.N.Y. 2003).

But even on the merits, Mr. Huffman's motion fails. Whether to grant recusal is determined objectively: "whether an objective, disinterested, lay observer fully informed of the facts . . . would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal." *Townsend v. Aptar, Inc.*, 2025 WL 325561, at *3 (11th Cir. 2025) (citation omitted). Importantly, "[j]udges are not required to recuse themselves any time they are threatened." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008). This makes sense, as "if a death threat is communicated directly to the judge by a defendant, it may normally be presumed that one of the defendant's motivations is to obtain a recusal, particularly if he thereafter affirmatively seeks a recusal." *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994).

Here, Mr. Huffman would like this Court to go a step further and hold that threatening one judge in a district means that a judge's colleague, or all judges in his or her district, should be recused. (Pl.'s Mot., at 4.) Mr. Huffman does not point to any authority showing that such drastic relief is appropriate. Moreover, Mr. Huffman has not shown how all judges in this district—let alone the undersigned—would be impartial.

For the foregoing reasons, Mr. Huffman's motion (**ECF No. 112**) is **denied**.

**Done and ordered** in Miami, Florida, on May 19, 2025.

_____
Robert N. Scola, Jr.
United States District Judge